872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Noah DUNN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5862.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 James Noah Dunn, a pro se Kentucky prisoner, appeals the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dunn, who was already serving a life sentence in a Kentucky State Penitentiary for willful murder, pled guilty in district court to a weapons violation and robbery. He was thereafter sentenced to thirty years imprisonment. Subsequently, he filed a motion to vacate his sentence arguing that because he failed to understand the consequences of his guilty plea, such plea was involuntarily made. The district court, having adopted a Magistrate's recommendation, denied Dunn's motion to vacate sentence and his request for authentication of the record.
 
 
 3
 Upon consideration, we conclude that the district court properly denied Dunn's Sec. 2255 motion to vacate because he failed to demonstrate that his criminal proceedings were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).
 
 
 4
 Petitioner's claim that he made an off-the-record oral request that his federal and state sentences run concurrently is entirely refuted by the transcript of his plea proceedings. The record reflects that Dunn's guilty plea was voluntarily made. Before accepting the plea, the district judge addressed Dunn personally and assured himself that Dunn was given no promises or assurances regarding the length or severity of his sentence, and that Dunn knew the sentence was entirely within the judge's discretion. The record further shows that Dunn understood the charges against him, see Blackledge v. Allison, 431 U.S. 63, 73 (1977), and that his plea was a voluntary and intelligent choice among alternatives. See Fontaine v. United States, 411 U.S. 213, 215 (1973); Spares v. Sowders, 852 F.2d 882, 885-86 (6th Cir.1988). As such, it is clear that a factual basis did exist for accepting Dunn's guilty plea and that the plea was made voluntarily and with an understanding of its consequences.
 
 
 5
 Accordingly, the order of the district court is hereby affirmed, Rule 9(b)(5), Rules of the Sixth Circuit.