898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juan BOSCAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3642.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Juan Boscan, a pro se federal prisoner, appeals the district court's dismissal of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral agrument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Boscan was indicted in a multi-count indictment charging him with various drug related offenses. Pursuant to a plea agreement, Boscan pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846; he was sentenced to twenty years imprisonment. Boscan did not pursue a direct appeal of his conviction. The district court denied his motion for a reduction of sentence filed pursuant to Fed.R.Crim.P. 35(b).
 
 
 3
 Thereafter, petitioner filed the instant motion alleging that his guilty plea was involuntary because the district court did not comply with the requirements of Fed.R.Crim.P. 11, because the United States Attorney used his girlfriend as a "chip" to influence his plea, and because he received ineffective assistance of counsel. Allegedly, the court did not: 1) address him personally about the case; 2) inquire whether defense counsel had made any promises to petitioner; 3) advise him about parole; 4) advise him that he could be deported if convicted; and 5) develop a legal or factual basis for the guilty plea. In addition, counsel advised him that he would only receive five years incarceration if he pleaded guilty and that he would be paroled after service of forty-four months; and counsel allegedly had a conflict of interest because counsel wanted final disposition of the matter.
 
 
 4
 The district court denied the motion finding that Boscan's guilty plea was voluntarily entered with a full understanding of the direct consequences of the plea. The court also found that defense counsel had not rendered deficient performance.
 
 
 5
 On appeal, Boscan requests the appointment of counsel, and reasserts his claims regarding the voluntariness of his guilty plea. Boscan, however, has abandoned his ineffective assistance of counsel claims because the issues were not reasserted on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we deny the request for appointment of counsel and affirm the district court's judgment as a review of the plea colloquy indicates that Boscan's plea was voluntarily entered with a full understanding of the direct consequences of the plea. See Brady v. United States, 397 U.S. 742, 755 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Boscan was informed of his right to a jury trial and of his right to confront and cross-examine witnesses. Boscan was also advised of his privilege against self-incrimination and that the prosecution was required to prove guilt beyond a reasonable doubt. Moreover, the plea agreement was read, and the court informed Boscan of the maximum possible penalty the court could impose. Boscan stated that he was satisfied with counsel's performance and that he was pleading guilty of his own free will. Thus, the record clearly establishes that Boscan's plea was voluntary.
 
 
 7
 Nor do we find any merit to Boscan's individual claims. The district court addressed Boscan throughout the plea proceeding, and asked him if anyone had promised him anything in return for his plea. Moreover, the court was not required to advise Boscan about parole or of the possibility of his being deported. See United States v. Campbell, 778 F.2d 764, 767 (11th Cir.1985); Brown v. Perini, 718 F.2d 784, 788 (6th Cir.1983). But contrast Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988) (gross misinformation regarding parole may affect voluntariness of the plea). The court also established both a legal and factual basis for the plea. The FBI agent in charge of the investigation testified that from the end of February 1986 through June 1986, Boscan supplied kilograms of cocaine to various individuals. Boscan stated that the agent's statements were correct and that he was pleading guilty because he was in fact guilty of conspiracy to distribute cocaine. The court even explained what the term "conspiracy" meant.
 
 
 8
 Finally, we find no merit to Boscan's contention that his girlfriend was used as a "chip" to influence his plea. Boscan's plea agreement provided that the government would dismiss the remaining counts against her if his girlfriend, Zapata, a co-defendant who was a fugitive at the time of Boscan's plea, voluntarily appeared and entered a plea to one count of the indictment. This provision regarding Zapata could not have unduly influenced Boscan's plea because the government was obligated to honor its agreement with Boscan even if Zapata did not appear. Thus, the Zapata provision was in no way detrimental to Boscan.
 
 
 9
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.