914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Larry DANIELS, Petitioner-Appellant,
v.
Michael J. MONTGOMERY, Warden, Respondent-Appellee.
 No. 89-6234.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and ZATKOFF, District Court Judge.*
 
 ORDER
 
 2
 John Larry Daniels, a pro se Kentucky prisoner, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In September 1982, Daniels was charged with one count of third degree burglary, one count of theft by unlawful taking under $100, and one count of being a second degree persistent felony offender (PFO). In October 1982, he was charged with two counts of second degree burglary and one count of being a PFO. In November 1982, Daniels was charged with five counts of second degree burglary, three counts of theft by deception over $100, and one count of being a PFO. In return for recommendations for reduced sentences, Daniels, on November 24, 1982 withdrew his pleas of not guilty to all three indictments and pleaded guilty to all charges. He was sentenced to a total of 25 years imprisonment. The sentence for each indictment corresponded to the recommendations listed on three signed plea offers.
 
 
 4
 After sentencing, Daniels filed a RCr 11.42 motion to vacate the final judgment. The trial court denied the motion without holding an evidentiary hearing, and the Kentucky Court of Appeals affirmed in a unpublished opinion. The Kentucky Supreme Court denied discretionary review.
 
 
 5
 Daniels then filed a petition for a writ of habeas corpus in federal district court, alleging that (1) his guilty plea was not voluntary and intelligent, (2) he was denied effective assistance of counsel, and (3) he was denied due process of law. The district court found no genuine dispute of fact and dismissed Daniels's petition as being without merit.
 
 
 6
 On appeal, Daniels repeats his guilty plea and ineffective assistance of counsel arguments, abandons the due process argument, and further argues that the district court abused its discretion in not holding an evidentiary hearing.
 
 
 7
 We shall affirm the district court's judgment because the proceedings accorded Daniels were fundamentally fair. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). Since Daniels abandons his due process argument, the district court's ruling on the issue is not reviewable on appeal. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Daniels's argument that his guilty plea was not voluntarily and intelligently made is meritless because the totality of the circumstances shows that the plea was voluntarily, knowingly, and intelligently made and is thus valid. Brady v. United States, 397 U.S. 742, 749 (1970); Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988).
 
 
 9
 Daniels's argument that he was denied effective assistance of counsel is meritless because he has failed to show that there was a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 10
 Finally, the district court did not abuse its discretion in not providing Daniels an evidentiary hearing because Daniels has not shown that one of the circumstances listed in 28 U.S.C. Sec. 2254(d) is present. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation