915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Winifred LONG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-4127.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner-appellant Winifred Long appeals the denial of his motion to vacate his conviction and sentence filed under 28 U.S.C. Sec. 2255. He asserts that the District Court erred in refusing to permit him to withdraw his guilty plea. For the reasons stated below, we AFFIRM.
 
 
 2
 Long was indicted in November 1987 in a seven-count indictment charging conspiracy and substantive offenses arising from the delivery of a quantity of cocaine to the Cincinnati, Ohio, area. Long's alleged co-conspirators entered guilty pleas and, as part of their plea agreements, agreed to provide testimony against him. On February 9, 1988, the date he was scheduled for trial, Long entered into a plea agreement. Under the agreement, Long pled guilty to one count of the indictment charging him with possession with intent to distribute approximately 3.5 kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). In return the government agreed to request dismissal of the remaining six counts of the indictment and agreed to recommend a 20-year cap on the maximum sentence which would otherwise have been 40 years.
 
 
 3
 Before accepting Long's guilty plea, the court asked the prosecutor to advise defendant of the penalty under 21 U.S.C. Sec. 841(b)(1)(B), the appropriate penalty section, because the court was without a copy of the statute. The prosecutor stated as follows:
 
 
 4
 Your Honor, that section carries a minimum mandatory penalty of five years imprisonment and a maximum possible penalty of forty years imprisonment; also a $2 million fine, a four-year term of supervised release, and a $50 assessment.
 
 
 5
 The prosecutor did not read the portion of 21 U.S.C. Sec. 841(b)(1)(B) that states that "[n]o person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." Subsequently, the court itself twice advised defendant of the statutory penalty and that it must impose at least the minimum sentence. A careful review of the record indicates that neither the District Court nor anyone else ever advised Long on the record that he would be ineligible for parole if he pled guilty to Count 7 of the indictment. The court accepted the plea of guilty and took the plea agreement under advisement pending receipt of the presentence report. At sentencing, the court sentenced Long to ten years of imprisonment and a $50 assessment.
 
 
 6
 Long apparently first learned that he was ineligible for parole in December 1988. He then filed a motion to vacate the conviction and sentence pursuant to 28 U.S.C. Sec. 2255. In that petition, Long asserted three errors: (1) that his plea was not knowing and voluntary because the court failed to advise him that he would be ineligible for parole; (2) that he was denied effective assistance of counsel due to misinformation provided by counsel regarding parole eligibility; and (3) the court relied on materially false information in imposing the sentence resulting in a denial of due process. Subsequently, Long filed a successive motion to vacate. Therein he claimed additional errors. The only one warranting mention here is his claim that the plea agreement was void because the District Court unlawfully participated in the plea negotiations.
 
 
 7
 Following an evidentiary hearing to determine whether Long's plea of guilty was made knowingly and voluntarily, the District Court denied both motions and Long appealed.
 
 
 8
 Petitioner claims that because the District Court failed to inform him that he would be ineligible for parole, his guilty plea was not knowing and voluntary. We disagree and discuss this issue in order to clarify our position on the obligations of the District Court in this regard.
 
 
 9
 Although a judge is free to do so, we have said that, as a general matter, "it is unmistakably clear that a district court is not required to advise a defendant that he may be ineligible for parole." United States v. Retford, No. 83-1865 (6th Cir. April 27, 1984) (unpublished per curiam). The Supreme Court has also made clear that a court has no general duty, under the Federal Rules of Criminal Procedure or the Constitution, to advise a defendant of the availability of parole as a prerequisite to acceptance of a valid plea. Hill v. Lockhart, 474 U.S. 52, 56 (1985).
 
 
 10
 Long contends that the general rule that the court need not inform the defendant about ineligibility for parole does not apply where the unavailability of parole is set forth expressly in the statute under which the defendant is being sentenced. We are unaware of any authority for such a position; in fact the only authority that has come to our attention that is directly on point holds that the court's failure to inform the defendant that his sentence, by statute, would carry no possibility of parole is not a basis for withdrawal of a plea on voluntariness grounds. United States v. Gutierrez, 839 F.2d 648, 652 (10th Cir.1988).[1] The plain language of Fed.R.Crim.P. 11 and the Advisory Committee notes indicate no exceptions to the rule that a court need not inform a defendant as to the availability of parole. We decline petitioner's invitation to create an exception to the rule that communications regarding parole availability are not mandatory.
 
 
 11
 Finally, we reiterate that Rule 11 does not require the trial judge to specifically ask the defendant whether or not his attorney discussed the possibility of parole. The problem here is unlikely to arise in the future since there is no longer parole on any sentence.
 
 
 12
 Long next argues that he was denied effective assistance of counsel, asserting that due to alleged misinformation regarding parole provided by his counsel he decided to plead guilty to one count instead of proceeding to trial on all seven counts.[2] The two-part test in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), applies to ineffective assistance of counsel claims in the context of guilty-plea challenges. Hill, 474 U.S. at 58; Sparks v. Sowders, 852 F.2d 882, 884 (6th Cir.1988) (Kennedy, J., concurring).
 
 
 13
 First, the defendant must show that the attorney's actions were not within the range of competence demanded of attorneys in criminal cases. Hill, 474 U.S. at 59. Second, the defendant must establish that counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (footnote omitted).
 
 
 14
 Although "gross misadvice concerning parole eligibility can amount to ineffective assistance of counsel," Sparks, 852 F.2d at 885, we need not reach a conclusion as to whether the alleged misinformation given to Long rose to the level of a deprivation of the constitutional right to counsel. We agree with the District Court that even assuming that the defendant's attorneys incorrectly advised him that parole was possible, Long has failed to satisfy the second part of the Strickland test.[3]
 
 
 15
 After the evidentiary hearing to determine whether Long's plea was knowingly and voluntarily given, the District Court made the following finding:
 
 
 16
 It appears to this Court that the defendant realized that he faced overwhelming evidence of his guilt and fearing he would be sentenced to what seemed like a life sentence to him if [he] went to trial, he negotiated a twenty year cap on his sentence in exchange for his guilty plea. In light of the foregoing facts, we do not believe the defendant's assertion that but for his attorney's erroneous advice regarding his eligibility for parole he would not have pled guilty and would have insisted on going forward to trial.
 
 
 17
 There is ample support for the District Court's finding. Long had stated that he pled guilty because he was afraid he would receive a sentence of 35 to 70 years if he went to trial on all seven counts against him. If he went to trial, he was faced with the fact that his two co-conspirators had already entered plea agreements with the United States that required their cooperation in the prosecution of Long.
 
 
 18
 Further, other than the claims raised in Long's pro se petition, there is no evidence that parole eligibility was a factor that he considered in deciding to accept or reject a plea bargain. Significantly, when testifying under oath at the evidentiary hearing, neither of Long's attorneys could even recall whether they had ever discussed parole at all.[4]
 
 
 19
 In reviewing guilty pleas, we must decide "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). This is done by looking at the totality of the circumstances surrounding the plea. See Caudill v. Jago, 747 F.2d 1046, 1050 (6th Cir.1984). Given the record in this case, we hold that the District Court's finding that Long's plea was voluntary, intelligent, and not the product of ineffective counsel was not in error.
 
 
 20
 Our decision here is in accord with our recent decision in United States v. Hanley, 906 F.2d 1116 (6th Cir.1990). There we upheld a guilty plea even though we found that Hanley's attorney incorrectly advised him when he would be eligible for parole. In applying the "prejudice" prong of the Strickland test, we said that "[i]f Hanley pled guilty solely in reliance upon this advice, a reversal ... would be in order" but that there was "no showing beyond Hanley's allegations in his pro se brief that he pled guilty solely in reliance on his attorney's incorrect sentencing advice." Hanley, 906 F.2d at 1121. Thus, we recognized that even where misinformation regarding parole has been shown, the defendant will prevail only where reliance upon the constitutionally infirm advice is shown to underlie the plea.[5] Long has failed to make such a showing here.
 
 
 21
 Petitioner asserts that he was deprived of due process of law because he was sentenced according to an inaccurate presentence report. The presentence report contained the information that "Long would probably serve between 40 and 52 months before favorable parole consideration." In fact, Long was not eligible for parole at all. In support of his argument that a defendant has a constitutional right to be sentenced based upon accurate information, Long relies on the broad language in United States v. Tucker, 404 U.S. 443 (1972); Townsend v. Burke, 334 U.S. 736 (1948); United States v. Lee, 540 F.2d 1205 (4th Cir.), cert. denied, 429 U.S. 894 (1976); and United States v. DeMier, 520 F.Supp. 1160 (W.D.Mo.1981), aff'd, 671 F.2d 1200 (8th Cir.1982). This reliance is misplaced.
 
 
 22
 To be sure, the cases cited by Long stand for the proposition that a sentencing court cannot rely on certain materially false assumptions without violating the due process clause. But the mere existence of misinformation in a presentence report, without some reliance thereon, does not cause a sentencing proceeding to be "infected with [an] error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979). There is nothing in the record to suggest that the District Court relied to any degree on the parole information in sentencing Long. Since reliance was not shown, we need not consider whether the misinformation was of a constitutional magnitude. We hold that Long's sentence, which was not imposed on the basis of erroneous assumptions about any material facts, did not violate the due process clause.[6]
 
 
 23
 Finally, Long argues that the trial judge improperly participated in the negotiation of the plea agreement, at the very least requiring resentencing before a different judge. We find no merit in this contention. The in-chambers discussion to which Long refers in his motion occurred after a plea agreement had already been tentatively reached between the prosecutor and counsel for Long. Counsel then approached the court to inquire whether or not the court would entertain a 20-year cap on a count that carried a maximum sentence of 40 years. The court merely sought an understanding of the plea agreement proposed by the parties and stated that no decision would be made until after the plea had been made and the final presentence report was filed. The District Court never "participated" in plea discussions within the meaning of Rule 11(e) of the Federal Rules of Criminal Procedure.
 
 
 24
 Accordingly, petitioner's conviction and sentence is AFFIRMED.
 
 
 
 [1]
 Although we have intimated that parole eligibility might be considered a "direct" consequence, subject to mandatory disclosure, in the circumstance of a life sentence without the possibility of parole, Sparks v. Sowders, 852 F.2d 882, 886 (6th Cir.1988) (Kennedy, J., concurring), this case involves a maximum possible 20-year sentence
 
 
 [2]
 Because Long contends that he was advised by counsel that parole would be possible, we treat this as an affirmative misstatement case. We view this as a more serious possible error than a mere failure to give defendant information regarding parole eligibility, which he later claims would have affected his pleading decision
 
 
 [3]
 This part of the Strickland test is evaluated subjectively, not objectively. That is, it does not matter whether a reasonable person would have pleaded differently, given correct information. What counts is whether Long would have pleaded differently
 
 
 [4]
 This alone distinguishes this case from Hill v. Lockhart, 877 F.2d 698 (8th Cir.1989), relied on by Long. In Hill, it was not disputed that the defendant had made clear to his attorney that the timing of eligibility for parole was the dispositive issue for him in accepting or rejecting a plea bargain
 
 
 [5]
 We recognize the apparent conflict between Hill, 474 U.S. at 59, which talks about a "reasonable probability" to show causation and Hanley which may be read as requiring "sole reliance" on misadvice. We express no opinion here regarding the extent to which something less than sole reliance on misadvice will satisfy the second prong of Strickland, as we find that there was not a reasonable probability that the result of the plea process would have been different had Long been correctly informed that he would be ineligible for parole
 
 
 [6]
 In his Sec. 2255 motion, Long relied heavily on the case of DeMier, 520 F.Supp. 1160. We have held that DeMier is irreconcilable with the Supreme Court's decision in Addonizio. United States v. Taylor, 768 F.2d 114, 119 n. 5 (6th Cir.1985)