920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry WILLIAMS, Petitioner-Appellant,
v.
Billy COMPTON, Warden, Respondent-Appellee.
 No. 90-5549.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Larry Williams, a pro se Tennessee prisoner, appeals from the judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a) Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1977, Williams pleaded guilty to five indictments. He received a concurrent three to five year sentence which he completely served. Thereafter, Williams was convicted of another crime and was convicted for being a habitual criminal and sentenced to life imprisonment. He petitioned to challenge the constitutional validity of his 1977 guilty pleas.
 
 
 3
 In particular, Williams claimed that the Tennessee trial court to which he pleaded guilty failed to sufficiently inform him of his constitutional rights as mandated by Boykin v. Alabama, 395 U.S. 238 (1969), and that he did not understand the nature of the charges or the consequences of his guilty pleas. The district court held that the state bore its burden of proving that Williams's guilty pleas were entered intelligently and voluntarily. Williams appeals from the judgment denying him habeas relief.
 
 
 4
 Upon review, we find no error. A plea of guilty is valid only if entered voluntarily, knowingly and intelligently; its validity determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). However, no precise litany of rights waived is required. Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988). Here the trial court adequately informed Williams of his rights.
 
 
 5
 Accordingly, we find no fault with the district court's determination that Williams's pleas were knowingly and voluntarily given. Therefore, the judgment of the district court is hereby affirmed for the reasons set forth in the magistrate's report and recommendation dated March 30, 1989, as adopted by the district court by its order dated March 21, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.