972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny CURRAN, Petitioner-Appellant
v.
Frederick J. COWAN, Attorney General Commonwealth of
Kentucky, Respondent-Appellee.
 No. 91-5977.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a habeas corpus case in which the petitioner, Danny Curran, asserts that a state court conviction on a drug charge and an enhanced sentence for being a first-degree persistent felony offender violated his rights under the United States Constitution. Mr. Curran contends that his Fifth Amendment right against double jeopardy was violated when he was retried on the drug charge following the declaration of a mistrial in an earlier proceeding. He also contends that the state trial court used a constitutionally invalid prior conviction as a predicate to a persistent felony offender finding. Rejecting both contentions, we shall affirm the district court's denial of the writ.
 
 
 2
 * Mr. Curran and a codefendant, Michael Foote, were separately indicted in 1983 for trafficking in a controlled substance. In 1986 their cases were joined for trial pursuant to Kentucky R.Cr. 9.12, which provides that two defendants who have been indicted separately may be tried together if the defendants could have been joined in a single indictment.
 
 
 3
 On the day the trial was set to begin before Judge Taylor in Bullitt County, Kentucky, Mr. Foote pleaded guilty. His plea was taken in the presence of the jury panel. Mr. Curran chose to go to trial.
 
 
 4
 During the testimony of the government's first witness, Curran moved to suppress certain evidence obtained during a warrantless search. The court recessed to hold a suppression hearing. The only record of the suppression hearing is a partial transcript that reflects the following:
 
 
 5
 "The Court: ... As I understand the law, for the search to have been lawful in the absence of a warrant, the arrest must be lawful as it was in this case, must be contemporaneous in time and place and within the geographic scope. You meet one and three but two bothers me.
 
 
 6
 * * *
 
 
 7
 The Court: ... The requirement is that the search must be contemporaneous in time and place with the arrest. This man had been placed under arrest, removed from the premises, placed in a police cruiser.... [ellipses in original]
 
 
 8
 [Prosecutor]: Move the Court at this time to amend Count 1 and Count 2 of the indictment to charge complicity of the defendant Danny Roy Curran with the former co-defendant, Michael Foot [sic], who pleaded guilty this morning. I might point out that this problem, in the opinion of the Commonwealth, would not have arisen if the defendant, Foote had not pleaded guilty. Although these were separate indictments, they were to be tried at the same time and under those circumstances, the Commonwealth believes a complicity would be appropriate ...
 
 
 9
 ... [ellipses in original]
 
 
 10
 [Defense Counsel]: For the record, we object to the amendment.
 
 
 11
 [Prosecutor]: Object to the mistrial. We're prepared to proceed today as charged.
 
 
 12
 The Court: Let the record show the Court feels that Rule 1.16 [sic 6.16] gives the Court discretion to permit the indictment to be amended. It also provides that it may be done only if the substantial rights of the defendant are not prejudiced. The Court feels that to permit the indictment to be amended and permit this defendant to go to trial would certainly prejudice his substantial rights. So, under the circumstances, it's the ruling of the Court that the indictment may be amended as set forth in the Commonwealth's motion, but the mistrial is declared and the defendant is allowed to continue on the same bond and this case will be reassigned at a later date. (Jury discharged.)"
 
 
 13
 The court reporter's certification of the partial transcript, prepared almost three years later, describes it as "a transcript of defendant's motion ... to discharge the jury and continue the case...."
 
 
 14
 Two orders prepared contemporaneously with the suppression hearing memorialize the proceedings in the judge's chambers. One order, prepared by the prosecutor at Judge Taylor's request, recites that "the Commonwealth moved to amend this Indictment No. 83-CR-071, pursuant to Rcr 6.16, and the defendant having objected to the amendment, the Court granted the Motion of the Commonwealth, and further granted the Motion of the defendant for a continuance." The other order, prepared by the judge immediately after the hearing, provides "[t]hat justice requiring it, the Defendant's Motion for a continuance is granted" and "[t]hat the jury be discharged."
 
 
 15
 At an evidentiary hearing held by a magistrate five years later, Curran's attorney at the first trial, Ms. McAfee, testified that she had no recollection of asking for a continuance. She did not deny that she had done so, however, nor did she file any motion to amend the orders indicating she had requested a continuance. When asked whether she had objected to the declaration of a mistrial, Ms. McAfee admitted that she had not.
 
 
 16
 Judge Taylor testified that because he had granted the motions, and considering the fact that the jury panel had seen Curran's codefendant plead guilty, it "followed automatically" that a mistrial was necessary to protect Curran's right to a fair trial. Curran did not object to the mistrial; as shown by the transcript, it was the Commonwealth that objected.
 
 
 17
 Early in 1988 Mr. Curran was brought to trial on an amended indictment for aiding and abetting in trafficking in a controlled substance, a violation of K.R.S. §§ 502.020 and 218A.140. Curran moved to dismiss the indictment, arguing that the Double Jeopardy Clause barred retrial. The motion was denied. A jury returned a verdict of guilty, and Mr. Curran was sentenced to 20 years imprisonment as a persistent felony offender.
 
 
 18
 One of the two predicate felonies introduced to enhance his sentence was a 1972 conviction on a plea of guilty to a charge of breaking and entering a storehouse with intent to steal. Mr. Curran objected to the introduction of the 1972 conviction, contending that his plea was not voluntary. The court overruled the objection and admitted proof of the conviction.
 
 
 19
 The record of the 1972 conviction includes a signed waiver of rights and confession Curran gave to the police when he was arrested in July of that year. The record also includes a prepared form listing the questions routinely used by the judge when taking a guilty plea. The court reporter's handwritten notations of Curran's answers to these questions appear on the form in the spaces following the questions. The notations show that Curran responded in the affirmative to questions on whether he wished to enter a guilty plea; whether he felt his constitutional rights had been protected; whether he knew he was waiving his right to confront witnesses, his right to jury trial, and his right against self-incrimination; whether he knew he was giving up his right to appeal; and whether he was pleading guilty because he was guilty. The record indicates that he also said he had not been induced to plead guilty by threats or promises. The record does not disclose whether Curran said he understood the charges against him or whether he said he understood that no one could make him a promise that would bind the court. The spaces after those questions on the prepared form were simply left blank.
 
 
 20
 On direct appeal of the 1988 drug conviction, Curran argued that his right against double jeopardy was violated by the second trial. He also argued that the 1972 felony conviction was constitutionally invalid because his guilty plea was not knowing and intelligent. Concluding that there was a manifest necessity for the first trial court to declare a mistrial and that Curran's guilty plea to the predicate felony conviction had been knowing and voluntary, the Supreme Court of Kentucky affirmed the conviction.
 
 
 21
 Curran then commenced the present habeas corpus action in federal court. A magistrate to whom the case was referred for recommended findings of fact and conclusions of law found that the declaration of a mistrial had been required because Curran was substantially prejudiced by the late amendment to the indictment and because the jury was tainted by reason of having observed the guilty plea of the co-defendant, Mr. Foote. The district court adopted the magistrate's recommended findings and denied the petition. Although the district court subsequently denied a request for a certificate of probable cause, such a certificate was granted by this court. We have jurisdiction of the appeal pursuant to 28 U.S.C. § 2253.
 
 II
 
 22
 The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb...." Through the Due Process Clause of the Fourteenth Amendment, the prohibition against double jeopardy applies to state prosecutions. Benton v. Maryland, 395 U.S. 784 (1969). The Double Jeopardy Clause generally operates to bar a retrial where a prior criminal proceeding was terminated by the declaration of a mistrial to which the defendant did not consent. An exception exists, however, where the government can "demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant." Arizona v. Washington, 434 U.S. 497, 505 (1978). See also United States v. Perez, 22 U.S. (9 Wheat) 579, 580 (1824); Taylor v. Dawson, 888 F.2d 1124 (6th Cir.1989). "Manifest necessity" is a term of art that has come to mean a "high degree" of necessity, not absolute necessity. Washington, 434 U.S. at 506.
 
 
 23
 The Kentucky Supreme Court and the district court both concluded that there was manifest necessity for the Bullitt County trial court to declare a mistrial in 1986. We do not question the validity of that conclusion, but we need not decide the issue--for it is apparent from the record that Curran waived any objection he might have had.
 
 
 24
 "The prosecutor must demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant." Arizona v. Washington, 434 U.S. at 505 (emphasis supplied.) Mr. Curran did not object. The record makes it quite clear that the trial was continued on the motion of the defendant and that there was no objection to the declaration of the mistrial. The two orders entered immediately after the declaration of a mistrial indicate that the defendant moved for a continuance and the jury was then discharged without objection. Curran did not object to the form of the written orders and never moved to alter them.
 
 
 25
 * * *
 
 
 26
 We turn now to Curran's argument that his 1972 conviction was constitutionally defective and that due process prevents the use of that conviction to enhance his sentence as a persistent felony offender. It is contended that the record fails to show that the 1972 plea was knowing and voluntary because there is no record of Curran's response to two questions: (1) "Do you fully understand the charge(s) against you?"; and (2) "Do you understand that no one could make a promise which would bind me as Judge of this Court?"
 
 
 27
 In reviewing the voluntariness of a guilty plea, we look at the totality of the circumstances. Sparks v. Sowders, 852 F.2d 882, 883 (6th Cir.1988). The record in this case shows that Curran responded in the affirmative when asked whether he understood that he was waiving the crucial rights identified by Boykin v. Alabama, 395 U.S. 238 (1969), and Sparks v. Sowders: the privilege against self-incrimination, the right to trial by jury, and the right to confront witnesses. Under the circumstances, we do not think that a failure to ask and receive affirmative answers to the two questions left blank on the form would invalidate the guilty plea.
 
 
 28
 In Sparks, this court found that a plea that would otherwise have passed constitutional muster can be rendered invalid if the defendant has been misinformed by counsel. Unlike the petitioner in Sparks, Curran does not contend that his decision to plead guilty rested on erroneous advice from his attorney. Curran was represented by competent counsel who explained his rights to him. He stated on the record that he was pleading guilty because he was guilty. He also stated that he understood the penalty for the offense. He was offered additional time to confer with his attorney and declined the offer. There was no need for the court to ask if the defendant understood that no promises would bind the judge, because Curran indicated that he had not "been threatened or promised anything" to influence him to enter a plea of guilty. Having stated that he had been promised nothing, Curran had no constitutional right to be told that promises would not bind the judge.
 
 
 29
 The record shows convincingly that Curran's 1972 guilty plea was knowing and voluntary. His due process rights were not violated by the subsequent use of the conviction to enhance his sentence.
 
 
 30
 AFFIRMED.