**John Scott STARCHER, Petitioner–Appellant,**

**v.**

**Curtis WINGARD, Respondent–Appellee.**

No. 99–3262.

United States Court of Appeals,
Sixth Circuit.

July 25, 2001.

Before COLE and RYAN, Circuit
Judges; MARBLEY, District Judge.*

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

## OPINION

MARBLEY, District Court Judge.

John Starcher appeals the District Court's denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the following reasons, the District Court's decision denying the writ is **AFFIRMED**.

## I. BACKGROUND

On August 26, 1990, Starcher was indicted by the Wyandot County Grand Jury on one count of murder. OHIO REV. CODE § 2903.02, and one count of receiving stolen property, OHIO REV. CODE § 2913.51. On January 23, 1991, Starcher pled guilty to murder in the Court of Common Pleas of Wyandot County, Ohio, and the charge of receiving stolen property was dismissed. After being sentenced to fifteen years to life, Starcher did not appeal his conviction.

Five years later, on December 5, 1995, in the Wyandot County Court of Common Pleas, Starcher filed a pro se motion to withdraw his guilty plea. The common pleas court denied his motion on January 23, 1996.

Starcher filed an appeal with the Wyandot County Court of Appeals. On June 20, 1996, the court of appeals affirmed the decision of the common pleas court. Starcher then appealed pro se to the Supreme Court of Ohio. The Supreme Court of Ohio dismissed Starcher's appeal on December 18, 1996, finding that it did not involve a substantial constitutional question.

On December 17, 1997, Starcher filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio. On January 25, 1999, the District Court denied Starcher's petition, finding his claims to be without merit. The District Court also denied a certificate of appealability.

On March 1, 1999, Starcher filed a notice of appeal of the District Court's decision. This Court certified the following issue for appeal: Whether Starcher's counsel rendered ineffective assistance by misinforming Starcher about parole eligibility and by failing to investigate the defense of involuntary intoxication. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1291 and 1294.

## II. STANDARD OF REVIEW

We review the district court's denial of habeas relief de novo and findings of fact for clear error. *Combs v. Coyle,* 205 F.3d 269, 277 (6th Cir.2000); *Wolfe v. Brigano,* 232 F.3d 499, 501 (6th Cir.2000); *Harris v. Stovall,* 212 F.3d 940 (6th Cir.2000); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir.1997). This case will be decided pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as Starcher filed his petition for a writ of habeas corpus on December 17, 1997, after AEDPA's effective date of April 24, 1996. *Barker v. Yukins,* 199 F.3d 867, 871 (6th Cir.1999).

Title 28 § 2254(d) of the AEDPA provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evi-

dence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal habeas court, under the "contrary to" clause of (d)(1), may "grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Terry Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Alternatively, under the "unreasonable application" clause of (d)(1), "a federal habeas court [may] inquire into the reasonableness of a state court's application of clearly established federal law." *Terry Williams,* 529 U.S. at 411. A federal habeas court may grant the writ in this case if "the state court identifies the correct governing legal principle for this Courts' decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Under (d)(1), the correctness of the state-court decision is not at issue. *Id.* at 411–12.

In analyzing the "clearly established Federal law, as determined by the Supreme Court of the United States" portion of § 2254(d)(1), a federal habeas court must look to the "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Terry Williams,* 529 U.S. at 412.

Here, Starcher has alleged that he was deprived of effective assistance of counsel, which is a mixed question of law and fact. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). In a habeas case, we analyze this mixed question of law and fact under the "unreasonable application" prong of § 2254(d)(1). *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Harpster,* 128 F.3d at 327; 28 U.S.C. § 2254(d)(1).

## III. ANALYSIS

Starcher's appeal has been certified as to two issues, both of which question the effectiveness of his counsel. In *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-part test for determining whether counsel's assistance was ineffective. Under *Strickland,* the petitioner must demonstrate: (1) deficient performance on behalf of counsel, and (2) prejudice to the defense. *Id.* at 687.

In the context of a guilty plea, under the competence prong of the *Strickland* test, counsel's advice only can be "attacked" if counsel "was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* The standard upon which counsel's performance is to be judged is that of "an objective standard of reasonableness." *Id.* at 688.

In analyzing the prejudice prong of the *Strickland* test, following a guilty plea, the focus is "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The *Hill* Court concluded that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.; see also Ludwig v. United States,* 162 F.3d 456, 458 (6th Cir. 1998).

The Court will apply the *Strickland* test to both of Starcher's ineffective assistance arguments.

### A. Parole Eligibility

Starcher first alleges that he received ineffective assistance of counsel because his trial counsel initially informed him that if he pled guilty, he would be

eligible for parole in five years. But, immediately after Starcher entered his guilty plea, his attorney stated that he had been mistaken and that Starcher would not be eligible for parole for ten years. This Court previously has held that "gross misadvice concerning parole eligibilty can amount to ineffective assistance of counsel." *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988).

As for the competence prong of *Strickland*, Starcher argues that he took a guilty plea because his counsel informed him that he would be eligible for parole in five years. Starcher, however, has not presented any evidence to support this assertion.[1] Under the prejudice prong of the test, Starcher failed to allege, as required, that he would not have pled guilty to the charges, had he known he would not have been eligible for parole for ten years, but would have decided, instead, to go to trial. Assuming that Starcher presented evidence that his counsel advised him as indicated, Starcher has not argued that he would have pled differently in the face of correct legal advice. Starcher, therefore, has not made an adequate showing of prejudice. As it stands, we can only find, as the District Court did:

> Petitioner's mistaken belief that he would become eligible for parole after five years would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to a plea of guilty, but also his calculation of time he likely would serve if he went to trial and were convicted.

This Court concludes that Starcher has not shown either incompetence or prejudice and denies his writ based on his claim of ineffective assistance with regard to parole eligibility.

## B. Information Regarding Defenses Available

Starcher next alleges ineffective assistance of counsel based on counsel's failure to investigate and to pursue a defense of voluntary intoxication. Under Ohio law, intoxication is not a defense to crime, but may negate specific intent, an element of the crime of murder. *State v. Mitts*, 81 Ohio St.3d 223, 690 N.E.2d 522, 527 (1998).[2]

■ In accordance with the District Court's well-reasoned decision, Starcher has not provided any evidence that we can consider to support his failure to investigate allegation. The Supreme Court clearly announced that " § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to a claim adjudicated on the merits in state court." *Terry Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also* 28 U.S.C. § 2254(d) (providing the circumstances under which a writ will issue "with respect to any claim that was adjudicated on the merits in State court proceedings. . . ."). The District Court explains the problem in the following manner:

> Petitioner alleges that he was in a state of alcoholic blackout the night the murder took place and that he informed counsel of this fact. In support of his argument, he offers a report from the Forensic Diagnostic Center suggesting

---

1. For example, Starcher could have provided a signed affidavit, or a transcript of the plea agreement he entered into in state court. He did not provide the District Court with any such evidence.

2. On the same page of its decision, the court also announced: "Evidence of intoxication is sufficient to raise the intoxication defense only where, if believed, it would support acquittal." *Mitts*, 690 N.E.2d at 527.

that petitioner was alcohol dependent and a report of a Breathalyzer test indicating that petitioner had an alcohol level of .139 grams in the morning after the murder .... However, the petitioner did not offer these documents to the trial court. The state appellate court found that it could not consider these same documents on appeal due to petitioner's failure to make them part of the record in the trial court.

This Court likewise finds that Starcher has not provided evidence to substantiate his ineffective assistance claim in relation to his "defense" of involuntary intoxication. Without such evidence, this Court cannot evaluate whether the *Strickland* test has been met.

■ Starcher next argues that he should have been afforded an evidentiary hearing with regard to his involuntary intoxication defense. The District Court concluded that Starcher was not entitled to such a hearing. A district court sitting in habeas may allow a petitioner to supplement the record through an evidentiary hearing under limited circumstances:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In *Michael Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000), the Supreme Court found that the threshold determination under § 2254(e)(2) is whether the petitioner "failed to develop the factual basis" of his claim in state court proceedings. The Court reasoned:

For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.

*Id.* at 437. Here, as Starcher did not develop the factual basis for his claim in state court, 28 U.S.C. § 2254(e)(2), he must meet the requirements of § 2254(e)(2)(A)(i) or (ii), and of (e)(2)(B).

Under (A)(i), Starcher has not relied upon, nor have we been able to discover, a new rule of Constitutional law that would apply to the facts of the present case. As for (A)(ii), the factual predicate upon which Starcher relies for his "defense" is that he has documents which provide that he was intoxicated at the time of the murder. The fact of his own intoxication was readily discoverable by, and known to, Starcher on the date he pled guilty. In addition, Starcher conceivably had access to the Breathalyzer test and other reports detailing his intoxication which he could have presented at his state court trial. Indeed, he does not argue that he was in any way precluded from offering those documents into evidence. Since Starcher has not sat-

isfied either § 2254(e)(2)(A)(i) or (ii), he is not entitled to an evidentiary hearing.

Assuming that Starcher has satisfied (i) or (ii) of (A), he also must satisfy § 2254(e)(2)(B): "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." This Court cannot draw the conclusion required by (B) "by clear and convincing evidence" based on the record before us. As Starcher has not met the requirements for an evidentiary hearing as set forth under 28 U.S.C. § 2254(e)(2), this Court concludes that he is not entitled to such a hearing.

The Court concludes that Starcher's bare assertions are insufficient to support a claim that his trial counsel failed to investigate "defense" of intoxication, or that he should have been provided an evidentiary hearing. The Court therefore denies Starcher's writ as to his claim of ineffective assistance based on a failure to investigate the defense of intoxication.

## IV. CONCLUSION

For the foregoing reasons, the District Court's opinion denying Starcher's writ of habeas corpus is **AFFIRMED**.