**Roy Kenneth SPARKS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 21, 1986.

Discretionary Review Denied by Supreme Court Jan. 13, 1987.

Roy Kenneth Sparks, pro se.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Roy Kenneth Sparks appeals from a judgment of the Carter Circuit Court which denied his motion to vacate sentence pursuant to RCr 11.42. We affirm.

Sparks was originally arrested and indicted for murder and first-degree robbery. The appellant initially rejected a plea bargain offer from the Commonwealth, and his case went to trial in March 1984. Three days into the trial, however, Sparks, on the advice of counsel, agreed to plead guilty to murder. In return, the Commonwealth agreed to drop the robbery charge and to recommend a sentence of 35 years in prison. This plea was accepted by the trial

court, and Sparks was duly sentenced to 35 years.

In his RCr 11.42 motion, *pro se,* Sparks alleged (1) that a tape recorded conversation in which he made incriminating statements was illegally obtained; (2) that there was insufficient evidence to support a guilty verdict; (3) that the warrant for his arrest was defective; (4) that his guilty plea was invalid as being involuntary and not intelligently made; and (5) that he received ineffective assistance of counsel. The appellant also moved for an evidentiary hearing. The trial court denied the motion for a hearing and also the motion to vacate sentence, and Sparks brought this appeal.

■ We note first that a plea of guilty constitutes a waiver of all defenses other than that the indictment charged no offense. *Sanders v. Commonwealth,* Ky. App., 663 S.W.2d 216, 218 (1983). The trial court therefore properly limited its consideration below to the appellant's allegations that his guilty plea was invalid and that he received ineffective assistance of counsel. Where, as here, the trial court denies a motion for an evidentiary hearing on the merits of allegations raised in a motion pursuant to RCr 11.42, our review is limited to whether the motion "on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth,* Ky., 411 S.W.2d 321, 322 (1967). Where the movant's allegations are refuted on the face of the record as a whole, no evidentiary hearing is required. *Hopewell v. Commonwealth,* Ky.App., 687 S.W.2d 153, 154 (1985).

On appeal, Sparks reiterates his allegations that his guilty plea was invalid and that he received ineffective assistance of counsel, and he further contends that the trial court abused its discretion in denying the motion for an evidentiary hearing. We disagree.

■ The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). There must be an affirmative showing in the record that the plea was intelligently and voluntarily made. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). However, "the validity of a guilty plea is determined not by reference to some magic incantation recited at the time it is taken but from the totality of the circumstances surrounding it." *Kotas v. Commonwealth,* Ky., 565 S.W.2d 445, 447 (1978), (citing *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)).

■ The record in the case before us indicates that Sparks elected to plead guilty after three days of a jury trial, during which the Commonwealth introduced a tape recording of Sparks discussing his participation in the murder in great detail with a police informant. The statements in the appellant's motion below indicate that in deciding to plead guilty he considered, *inter alia,* the strength of the evidence against him, the likelihood of conviction, and the maximum penalties to which he might be sentenced. These factors, combined with the advice of his counsel and of his family, persuaded him to plead guilty to avoid the uncertainties of continuing with his jury trial. Under the circumstances, we find no error in the trial court's determination that the appellant's guilty plea was made freely, without coercion, and with an intelligent understanding of the consequences of the plea and of the alternatives he was waiving in so pleading.

■ The appellant argues, however, that the "advice" of his counsel amounted to coercion to plead guilty, and that this coercion, combined with counsel's misstatement of the maximum amount of time to which Sparks could be sentenced, constituted ineffective assistance of counsel. A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that coun-

sel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial. *Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 370, 80 L.Ed.2d 203 (1985). *Cf., Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Turning once more to the record, we find that the appellant's counsel advised him to plead guilty on the basis of a reasoned evaluation of the strength of the evidence (including the tape recording), the likelihood of conviction and the probability that Sparks could easily receive a sentence in excess of the Commonwealth's offer of 35 years should Sparks be convicted of both murder and first-degree robbery. Counsel's advice was not unreasonable under the circumstances, and was therefore not constitutionally defective.

Accordingly, the allegations contained in the appellant's RCr 11.42 motion below having been clearly refuted on the face of the trial record, we find no abuse of discretion by the trial court in denying the appellant's motion for an evidentiary hearing. The judgment of the Carter Circuit Court is affirmed.

All concur.