Charles L. BISHOP, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–000706–MR.

Court of Appeals of Kentucky.

Sept. 16, 2011.

---

1. Kentucky Rules of Civil Procedure.

Charles L. Bishop, West Liberty, KY, Appellant pro se.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON, LAMBERT, and VANMETER, Judges.

*OPINION*

LAMBERT, Judge:

This is a post-conviction proceeding in which Charles L. Bishop is appealing from the Jefferson Circuit Court's denial of his motion for Kentucky Rules of Criminal Procedure (RCr) 11.42 relief. After carefully reviewing the record, we affirm the circuit court's order.

In July 2005, the Jefferson County grand jury indicted Bishop in a six-count indictment related to crimes committed against the named victim, K.V.,[1] on April 30, 2005, when Bishop allegedly restrained her, forced her into his home, sexually assaulted her, and hit her with his fists and a club. As a result, Bishop was indicted on two counts of first-degree rape (Kentucky Revised Statutes (KRS) 510.040(1)(a)); two counts of first-degree sodomy (KRS 510.070(1)(a)); one count of kidnapping (KRS 509.040); and one count of second-degree assault (KRS 508.020). Another grand jury indicted Bishop several months later for being a first-degree persistent felony offender (PFO I) (KRS 532.080) based upon two prior felony convictions in 1984 and 1976. A public defender entered an appearance on Bishop's behalf in October 2005.

The matter proceeded to a jury trial beginning on October 24, 2006. During the morning of October 25, 2006, Bishop expressed his dissatisfaction with his counsel and requested a new attorney. The circuit court denied the motion, but it eventually permitted Bishop to serve as co-counsel along with his appointed counsel. During the course of the trial, the

---

1. In order to protect the victim's privacy, we shall refer to her by initials rather than by name.

Commonwealth dismissed one of the sodomy charges, and the circuit court directed a verdict in Bishop's favor on one of the rape charges. The matter went to the jury on the remainder of the charges. The jury found Bishop not guilty of kidnapping but guilty of the lesser-included charge of first-degree unlawful imprisonment; guilty of second-degree assault; and not guilty of the remaining first-degree sodomy charge. However, the jury was unable to reach a verdict on the remaining rape charge.

On October 30, 2006, the circuit court planned to hold the scheduled penalty phase with the jury. However, Bishop opted to withdraw his earlier plea of not guilty, accept the Commonwealth's offer, and enter a guilty plea. In exchange for pleading guilty to the amended charge of unlawful imprisonment, second-degree assault, and being a PFO I, the Commonwealth agreed to dismiss the rape and sodomy charges. In exchange for the plea, the Commonwealth then recommended a sentence of ten years on the assault conviction, enhanced to fifteen years by the PFO I conviction, and a sentence of five years on the unlawful imprisonment conviction, also enhanced to fifteen years by the PFO I conviction, both to be served concurrently for a total of fifteen years' imprisonment. The offer specifically stated that Bishop agreed to waive all appeals and that the Commonwealth agreed to dismiss with prejudice the rape charge on which the jury was unable to reach a verdict. The circuit court held a guilty plea hearing in which it found that the plea had been entered into knowingly and voluntarily and that there was a factual basis for the plea. The circuit court then accepted the plea and entered a judgment of conviction and sentence on November 3, 2006, in accordance with the guilty plea and recommended sentence.

Again, the judgment specifically stated that Bishop agreed to waive all appeals and that the Commonwealth had agreed to dismiss the rape and sodomy charges. Bishop attempted to appeal this judgment almost a year later, but his appeal was dismissed as untimely by this Court in an order entered November 16, 2007.

On October 30, 2009, Bishop filed a *pro se* RCr 11.42 motion to vacate the 2006 judgment, alleging ineffective assistance of counsel. He claimed that his attorney refused to defend him unless he entered a guilty plea, that the *Faretta*[2] hearing was both untimely and insufficient, that his attorney failed to submit proper instructions related to the assault charge, that his attorney failed to raise an issue related to his PFO status, and that his attorney failed to subject the Commonwealth's case to meaningful, adversarial testing. The circuit court initially denied the motion as untimely, but later reconsidered that ruling and reviewed the merits of Bishop's arguments. It then denied the motion by order entered March 12, 2010, finding that Bishop's motion did not support the granting of any relief. This appeal now follows.

■ On appeal and as he did in his RCr 11.42 motion, Bishop alleges that his trial counsel did not provide him with effective assistance, citing several instances where he claims his attorney did not meet the appropriate standard. He states that his attorney refused to defend him unless he pled guilty, failed to seek instructions on a lesser-included offense or self-defense, failed to attack the constitutionality of KRS 532.080, and failed to subject the Commonwealth's case to meaningful, adversarial testing. He also contends that the trial court did not conduct a proper *Faretta* hearing before permitting him to act as co-counsel. The Commonwealth, on

2. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

the other hand, argues that Bishop has waived all issues except whether his plea was involuntary. Further, the Commonwealth contends that basic contract principles apply to the plea agreement Bishop entered into, in which he waived his right to appeal.

We shall briefly describe the standard of review in RCr 11.42 post-conviction actions. Generally, in order to establish a claim for ineffective assistance of counsel, a movant must meet the requirements of a two-prong test by proving that: 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky.1985), *cert. denied*, 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986).

In *Sparks v. Commonwealth*, 721 S.W.2d 726 (Ky.App.1986), this Court addressed the validity of guilty pleas in the context of post-conviction actions. Specifically addressing the two-part test used to challenge a guilty plea based upon ineffective assistance of counsel, the *Sparks* Court instructed:

> A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Sparks*, 721 S.W.2d at 727–28. *See also Bronk v. Commonwealth*, 58 S.W.3d 482 (Ky.2001). However, the law is clear that "[e]ntry of a voluntary, intelligent plea of guilty has long been held by Kentucky Courts to preclude a post-judgment challenge to the sufficiency of the evidence." *Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky.App.1986).

■ Turning to the case before us, we must agree with the Commonwealth that because Bishop entered a guilty plea, he is precluded from raising any of the issues he argued in his brief. Bishop is bound by the terms of his plea agreement with the Commonwealth, which included a waiver of his right to appeal. "[I]f the offer is made by the prosecution and accepted by the accused, either by entering a plea or by taking action to his detriment in reliance on the offer, then the agreement becomes binding and enforceable. Constitutional as well as contractual rights become involved." *Commonwealth v. Reyes*, 764 S.W.2d 62, 65 (Ky.1989). Furthermore, the issues Bishop has raised in this appeal clearly address matters that occurred during his trial and have nothing to do with the validity of his guilty plea.

■ The first issue addresses Bishop's claim that his attorney refused to defend him unless he entered a guilty plea. While this argument might address the validity of the plea he actually entered, a review of the trial record reveals that these circumstances relate to Bishop's statements at the beginning of the trial concerning his dissatisfaction with his attorney's representation and his desire for a new attorney to represent him. Part of Bishop's stated problems with his attorney was his attorney's recommendation prior to trial that Bishop accept the Commonwealth's offer on a plea of guilty. Clearly, Bishop's claim that his attorney refused to defend him unless he entered a guilty plea is refuted by the very fact that his attorney continued to represent him, at least as co-counsel, for the trial of this matter. Just as clearly, this argument has nothing to do

with Bishop's ultimate decision to enter a guilty plea after the jury returned a verdict.

Next, Bishop contends that the trial court's *Faretta* hearing was both untimely and improper, necessitating a new trial. After the circumstances set forth above regarding Bishop's dissatisfaction with his trial attorney and the trial court's refusal to appoint another attorney, a lengthy discussion ensued concerning whether Bishop would be able to represent himself at the trial so that he could examine and cross-examine witnesses as he saw fit. The trial court ultimately permitted Bishop, by his own request, to act as co-counsel alongside his trial attorney, despite warning him that it was not in his best interest. While we perceive nothing wrong or worthy of reversal in the actions of the trial court in this regard, again, this issue has nothing to do with the validity of Bishop's guilty plea at the conclusion of the trial.

Bishop's next argument addresses the jury instructions and whether his attorney should have sought instructions on a lesser included offense or on self-defense. Because he entered a guilty plea as if the trial never took place, Bishop is precluded from challenging the evidence at trial and the associated jury instructions. *See Taylor v. Commonwealth, supra.*

Bishop's fourth argument challenges the constitutionality of KRS 532.080, the persistent felony offender statute. As the circuit court did in its order, we perceive no merit in this argument, and this issue is not properly raised in the context of this case.

Finally, Bishop argues that his trial counsel failed to subject the Commonwealth's case to meaningful, adversarial review. This allegation is clearly refuted by the record, and most specifically by the jury's verdict in that it returned not guilty verdicts or was unable to reach a verdict on several of the charges. And again, this argument has no bearing on whether Bishop's plea was valid.

As the Commonwealth argued in its brief, Bishop is limited in this action to contesting the validity of his guilty plea, which he did not argue in his brief. However, we are persuaded by the record and the Commonwealth's argument in its brief that Bishop's plea was voluntarily, intelligently, and knowingly entered. *See Sparks,* 721 S.W.2d at 727 ("[t]he test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."). The trial court conducted a hearing once Bishop indicated he wished to enter a plea and ensured that Bishop understood the decision he was making and the ramifications of pleading guilty. Furthermore, Bishop clearly benefitted from the plea as it included the dismissal of the rape and sodomy charges.

For the foregoing reasons, we find no merit in the issues Bishop raised in his RCr 11.42 action. Accordingly, we affirm the Jefferson Circuit Court's opinion and order denying the motion for RCr 11.42 relief.

ALL CONCUR.