# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: SEPTEMBER 28, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2017-SC-000300-TG
(2016-CA-001731-MR)    DATE 10|19|17 Kim Redmon, DC

DARYL WAYNE LIGGETT                                        APPELLANT

ON APPEAL FROM KENTON CIRCUIT COURT
V.                    HONORABLE KATHY LAPE, JUDGE
NO. 15-CR-00741

COMMONWEALTH OF KENTUCKY                                   APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Daryl Wayne Liggett appeals as a matter of right[1] from a circuit court

judgment convicting him of first-degree sodomy and sentencing him to 25

years' imprisonment. The trial court entered this judgment upon Liggett's guilty

plea and imposed the sentence consistent with the plea bargain agreement

between Liggett and the Commonwealth. Liggett now argues that the trial court

erred when it denied his motion made before final sentencing to set aside his

guilty plea as involuntarily made. We affirm the judgment because we hold that

the trial court's findings that Liggett's guilty plea was knowing, voluntary, and

intelligent are supported by substantial evidence, and thus not clearly

---

[1] Ky. Const. § 110(2)(b).

erroneous, and that the trial court did not abuse its discretion in denying Liggett's motion to withdraw his guilty plea.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

A grand jury indicted Liggett for one count of first-degree sodomy of a victim under 12 years of age. Initially, the court appointed counsel to represent Liggett, and Liggett pleaded not guilty to the charge. In exchange for Liggett's guilty plea to the charges in the indictment, the Commonwealth agreed to recommend 25 years in prison and further agreed not to seek indictment on other potential changes arising out of the underlying facts. Based on the charged offense, Liggett faced 20 to 50 years, or life, in prison.[2]

In his motion to enter a guilty plea, Liggett declared in writing the following:

> I declare my plea of **"GUILTY"** is freely, knowingly, intelligently and voluntarily made; that I have been represented by counsel; that my attorney has fully explained my constitutional rights to me, as well as the charges against me and any defenses to them; and that I understand the nature of this proceeding and all matters contained in this document.

Before accepting Liggett's guilty plea, the trial court conducted a *Boykin* hearing[3], canvassing Liggett's understanding of the proceedings. During this colloquy, Liggett stated under oath: he has a 12th grade education and can read and write; his judgment was not impaired; he understood his constitutional rights; he fully understood what was happening in his case; he

---

[2] KRS 510.070(2); KRS 532.060(2)(a).
[3] *Boykin v. Alabama*, 395 U.S. 238 (1969).

had sufficient time to discuss the plea with counsel; he had no complaints about counsel's representation; and that he was not coerced into pleading guilty, but was doing so of his own free will because he was, in fact, guilty.

In the pre-sentence investigation report (PSI) prepared after the trial court accepted the guilty plea, Liggett took responsibility for the crime and stated that the sentence contemplated by the plea bargain agreement was fair, in addition to indicating that he fully understood his guilty plea. At the conclusion of the *Boykin* colloquy, the trial court accepted Liggett's guilty plea, finding it to be knowingly, voluntarily, and intelligently made.

Before final sentencing, Liggett retained new counsel. New counsel moved to withdraw the guilty plea and supported the motion with an affidavit from Liggett stating various deficiencies on the part of former counsel, including:

> (1) that he [Liggett] was not provided adequate representation on the matter;
> (2) that he was not afforded the opportunity to review his discovery with his attorney until the day he pled guilty;
> (3) that he and his attorney did not spend enough time on reviewing and explaining his discovery to fully understand his case;
> (4) that his attorney did not provide him with advice when he requested her advice;
> (5) that he was unable to reach his attorney on the phone, nor could he schedule a meeting with her;
> (6) that his attorney did not attend all court appearances, instead another attorney that was not adequately advised of his case filled in several times; and
> (7) that his guilty plea was not made knowingly and intelligently, as required.

The trial court conducted a hearing on Liggett's motion to withdraw the guilty plea, allowing both sides to present arguments and denied the motion.

The trial court supported its denial by recalling Liggett's previous statements made in open court and his previously signed document, in addition to statements attributed to him in his PSI, in which Liggett took responsibility for the crime and stated that his sentence was fair. All these facts, the trial court found, refuted Liggett's more recent allegations concerning the validity of his guilty plea.

Later, the trial court sentenced Liggett to 25 years imprisonment in accordance with the plea agreement and entered judgment accordingly.

## II. ANALYSIS.

### A. Standard of Review.

An appellate court reviews the trial court's denial of a motion to withdraw a guilty plea in a two-step process. First, a trial court's determination as to the voluntariness of a plea is reviewed for clear error.[4] A decision that is supported by substantial evidence is not clearly erroneous.[5] Second, once a court determines a plea to be voluntary, a trial court's refusal to allow a voluntary plea to be withdrawn is reviewed for an abuse of discretion.[6] "A trial court abuses its discretion when it renders a decision which is arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[7]

---

[4] *Rigdon v. Commonwealth,* 144 S.W.3d 283, 288 (Ky. App. 2004) (citing *Bronk v. Commonwealth,* 58 S.W.3d 482, 489 (Ky. 2001) (Cooper, J., concurring)).

[5] *Rigdon,* 144 S.W.3d at 288 (citing *Baltimore v. Commonwealth,* 119 S.W.3d 532 (Ky. App. 2003)).

[6] *Rigdon,* 144 S.W.3d at 288 (citing *Bronk,* 58 S.W.3d at 487). These cases interpret Kentucky Rule of Criminal Procedure 8.10 to afford abuse of discretion review of a trial court's decision. RCr 8.10 states, "At any time before judgment the court *may* permit the plea of guilty...to be withdrawn and a plea of not guilty substituted." (emphasis added).

[7] *Rigdon,* 144 S.W.3d at 288 (citing *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky. 2000)).

4

## B. General Law.

"A guilty plea is valid only when it is entered intelligently and voluntarily."[8] "In determining the validity of guilty pleas in criminal cases, the plea must represent a voluntary and intelligent choice among the alternative course of action open to the defendant."[9] "Whether a guilty plea is voluntarily given is to be determined from the totality of the circumstances surrounding it."[10] "The trial court is in the best position to determine the totality of circumstances surrounding a guilty plea."[11] If the court finds a guilty plea to be involuntary, the motion to withdraw must be granted; however, if a plea is found to be voluntary, it is then within the trial court's discretion to permit its withdrawal.[12] "A defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge."[13] "Solemn declarations in open court carry a strong presumption of verity."[14]

Because Liggett alleged ineffective assistance of counsel, we must "consider the totality of circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy

---

[8] *Bronk,* 58 S.W.3d at 486.
[9] *Centers v. Commonwealth,* 799 S.W.2d 51, 54 (Ky. App. 1990) (citing *North Carolina v. Alford,* 400 U.S. 25 (1970) and *Sparks v. Commonwealth,* 721 S.W.2d 726 (Ky. App. 1986)).
[10] *Rigdon,* 144 S.W.3d at 287-88 (citing *Rodriguez v. Commonwealth,* 87 S.W.3d 8 (Ky. 2002)).
[11] *Id.*
[12] *Id.*
[13] *Edmonds v. Commonwealth,* 189 S.W.3d 558, 568 (Ky. 2006) (quoting *U.S. v. Todaro,* 982 F.2d 1025, 1030 (6th Cir. 1993)).
[14] *Centers,* 799 S.W.2d at 54 (citing *Blackledge v. Allison,* 431 U.S. 63 (1997)).

5

with a *Strickland v. Washington*[15] inquiry into the performance of counsel."[16]

Under this inquiry, Liggett must demonstrate:

> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.[17]

"The fact that counsel consulted only briefly with his client before his client entered a guilty plea does not, absent more, establish ineffective assistance of counsel; it is only a factor to be considered in the totality of circumstances."[18] While limited communications between an attorney and client are far from ideal, "such situations are not uncommon."[19]

"A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough" to demonstrate prejudice.[20] Liggett "must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational" under the circumstances.[21]

### C. The Trial Court's Ruling was not Clearly Erroneous, nor did it Abuse its Discretion.

The trial court's finding that Liggett entered his plea voluntarily, knowingly, and intelligently finds much support in the record. As stated, the

---

[15] 466 U.S. 668 (1984).
[16] *Bronk*, 58 S.W.3d at 486.
[17] *Bronk*, 58 S.W.3d at 486-87 (citing *Sparks*, 721 S.W.2d at 727-28).
[18] *Rigdon*, 144 S.W.3d at 290 (citing *Jones v. Parke*, 734 F.2d 1142, 1146-47 (6th Cir. 1984)).
[19] *Rigdon*, 144 S.W.3d at 291.
[20] *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012).
[21] *Id.*

6

trial court conducted a colloquy in open court with Liggett. During this colloquy, Liggett confirmed that he was intellectually capable of understanding and did understand the charge against him, his right to contest his guilt on this charge, and the consequences of his decision to plead guilty. And the later-made statements attributed to him in the PSI further supported the validity of the guilty plea he made under oath during the plea colloquy.

Liggett's affidavit is the only evidence he submitted to support his effort to set aside the guilty plea. Even viewing Liggett's allegations in the light most favorable to him, the totality of the circumstances favors the trial court's finding that Liggett knowingly, voluntarily, and intelligently entered his guilty plea. Liggett's statements in open court, his statements in his PSI, and the written motion to enter the plea not only directly refute the conclusory allegations he made in his affidavit, but also substantially outweigh those allegations, including his ineffective assistance of counsel allegations. Liggett presents no other evidence in support of his allegations, thus failing to meet his burden.

Without more than conclusory allegations supported by Liggett's affidavit, we cannot speculate as to whether Liggett's allegations amount to such a deficient performance on the part of counsel so as to classify these actions as "outside the range of professionally competent."[22] Additionally, nothing Liggett presented undermines the strength of the trial court's factual findings regarding the voluntary, knowing, and intelligent nature of the guilty

---

[22] *Strickland,* 466 U.S. at 690.

7

plea, nor does it demonstrate a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.

Liggett's plea bargain resulted in imposition of a sentence of imprisonment that was half the length of the sentence that he could have received under the law. The bargain included an agreement by the Commonwealth to forego seeking indictment for additional serious charges with substantial ranges of punishment. Liggett thus did not meet his burden of showing that a rational individual would have rather faced this possibility than accept the guilty plea offer.

The question is whether the trial court's findings are supported by substantial evidence; if they are, the trial court did not commit clear error, and its ruling must be upheld. Because the trial court's findings are supported by substantial evidence, as stated above, the trial court's finding that Liggett's guilty plea was knowing, intelligent, and voluntary is not clearly erroneous.

Lastly, the trial court did not abuse its discretion in denying Liggett's motion to withdraw his guilty plea. Nothing about the trial court's decision renders it arbitrary, unreasonable, unfair, or unsupported by sound legal principles.[23] Stated differently, nothing in the record calls into question the reasonableness of the trial judge's decision to deny Liggett's motion. The judge's decision in this case to deny the motion did not amount to an abuse of

---

[23] *Rigdon,* 144 S.W.3d at 288 (citing *Goodyear Tire,* 11 S.W.3d at 581).

discretion because it was reasonable to do so, based on the totality of the record.

## III.    CONCLUSION.

We affirm the judgment because we conclude that substantial evidence supported the trial court's ruling regarding the voluntariness of the guilty plea, and thus the trial court committed no clear error on the fact, and because the trial court did not abuse its discretion in denying Liggett's motion to withdraw his plea.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Darrell A. Cox
Berger & Cox

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

John Paul Varo
Assistant Attorney General

9