RENDERED:  JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0212-MR

SHAWN FAULKNER                                                            APPELLANT

v.          APPEAL FROM LINCOLN CIRCUIT COURT
            HONORABLE JEFFREY T. BURDETTE, JUDGE
            ACTION NO. 18-CR-00032

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND ECKERLE, JUDGES.

CALDWELL, JUDGE:  Shawn Faulkner ("Faulkner") filed a motion seeking a

new trial, alleging he received ineffective assistance of counsel which induced him

to enter a guilty plea.  He appeals the trial court's order denying him relief.  We

affirm the trial court.

## FACTS

On February 5, 2018, Faulkner's girlfriend, Kala Francisco, was shot

and killed.  He was charged with her murder and was facing other charges, as

well.[1]  Following negotiations between the prosecution and Faulkner's appointed counsel, Faulkner entered a guilty plea to manslaughter in the first degree and being a felon in possession of a handgun.  He was sentenced to eighteen (18) years in prison.

During the entry of his plea, the trial court inquired whether he was satisfied with his attorney's representation.  Faulkner indicated he was satisfied with his counsel's performance.  He acknowledged that by entering a guilty plea he was waiving certain rights, including the right to a jury trial and an appeal.  He acknowledged guilt of the offenses to which he was entering pleas of guilt.  The trial court found his plea to be voluntary, intelligent, and knowing.

In December of 2019, Faulkner filed a *pro se* motion pursuant to RCr[2] 11.42.  In the motion, he asked the trial court to put aside his guilty plea and grant him a trial, alleging that his plea was involuntary, unknowing, and unintelligent. He alleged that his attorney had misadvised him to enter a plea to a crime which he did not commit and failed to raise defenses to the charges.

---

[1] Faulkner was indicted on charges of murder, possession of a handgun by a convicted felon, receiving stolen property (firearm), tampering with physical evidence, and being a persistent felony offender in the first degree.

[2] Kentucky Rules of Criminal Procedure.

The trial court denied Faulkner an evidentiary hearing. The trial court also denied relief on the motion, finding that Faulkner had not shown that his counsel's performance was deficient. Faulkner filed this appeal.

## STANDARD OF REVIEW

This Court reviews a trial court's denial of an RCr 11.42 motion for an abuse of that court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as being arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

A trial court reviews an allegation of ineffective assistance of trial counsel pursuant to the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under this highly deferential standard, the court must apply a two-part analysis first identifying error and then any resultant prejudice.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S. Ct. at 2064.

[To show prejudice, t]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id*. at 694, 104 S. Ct. at 2068.

## ANALYSIS

Faulkner alleges that his appointed counsel was ineffective for failing to advise him concerning a possible defense he may have had to the charge he was facing, to wit, murder. He alleges that the defense of intoxication was available to him, and counsel was ineffective for advising him to plead guilty when such defense was available. We disagree.

The defense of intoxication is not a complete defense. Rather, it simply reduces the culpability of the offender for the crime. Provided, that is, a jury is convinced there has been shown evidence sufficient to support a finding that the defendant was so intoxicated he was unaware of his actions.

> The defense of voluntary intoxication does not warrant an acquittal but reduces the offense from murder to second-degree manslaughter. *Slaven v. Commonwealth*, Ky., 962 S.W.2d 845, 856-57 (1997). However, "[i]n order to justify an instruction on [voluntary] intoxication, there must be evidence not only that the defendant was drunk, but that she was so drunk that she did not know what she was doing." *Springer v. Commonwealth*, Ky., 998 S.W.2d 439, 451 (1999); *see also Stanford*, 793 S.W.2d at 117-18.

-4-

*Caudill v. Commonwealth*, 120 S.W.3d 635, 669 (Ky. 2003), *as modified* (Feb. 5, 2004).

Even if there had been sufficient evidence to require the giving of an instruction on voluntary intoxication, and a jury was convinced Faulkner was intoxicated to the degree he was unaware of his actions that evening, it is not a foregone conclusion that Faulkner's sentence would have been less than the eighteen (18) year sentence he received. Manslaughter in the second degree is a Class C offense, meaning the sentence for that charge would have been between five and ten years. KRS[3] 507.040(2); 532.020(1)(b). Murder, without an aggravator as here,[4] carries a maximum of a life sentence. KRS 532.030(1).

Faulkner forgets that in exchange for his plea, the Commonwealth dismissed several charges, charges he would still have faced if he had proceeded to trial. Included in those charges was a first-degree persistent felony offender charge. A finding of guilt on that charge would have increased the available sentence. Thus, had a jury found Faulkner was intoxicated such that his culpability was reduced, the available sentence would still have been increased to between ten and twenty years. KRS 532.080(6)(b). Therefore, even if Faulkner had gone to trial, received an intoxication instruction, convinced a jury to find he was

---

[3] Kentucky Revised Statutes.

[4] KRS 532.025(2)(a).

intoxicated to the degree that they could not find him guilty of the murder charge, but instead of manslaughter in the second degree, he could still have received a sentence of nineteen or twenty years, just on that charge alone, had the jury found him guilty of being a persistent felony offender in the first degree. Thus, he was not prejudiced in any way.

Since he entered a guilty plea, Faulkner must show "that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial." *Sparks v. Commonwealth*, 721 S.W.2d 726, 728 (Ky. App. 1986). The standard required Faulkner to "allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012). He has not met this standard.

Counsel was not ineffective for advising Faulkner that pleading guilty and receiving a sentence of eighteen (18) years was advisable. Such is competent assistance of counsel. Further, Faulkner cannot establish he was prejudiced by pleading guilty because he received a lesser sentence than he could have received

had he received what he claims he was denied by taking counsel's advice and entering the plea.

> As a PFO of either degree, had Stiger been convicted of even one first-degree robbery, he would have been subject to a minimum sentence of twenty years – the sentence he received under the plea bargain – and would also have been subject to the violent offender statute's parole eligibility restrictions. It thus appears that Stiger's chances of improving on his outcome by going to trial were not just exceedingly slim, but virtually non-existent. His chances of faring worse, on the other hand, were considerable. As noted, the Commonwealth had substantial evidence of seven class B felonies, several of which involved significant acts of violence. That evidence together with Stiger's status as a repeat offender would have made for a high risk at trial of a sentence far above the twenty-year minimum. While it is true that even had things gone against Stiger at trial his parole ineligibility would have been extended, at most, from seventeen years to twenty, parole eligibility would not have been his only concern. Stiger was in his twenties at the time of his plea, so the difference between the twenty-year sentence offered to him and the much longer sentence (potentially seventy years or life) he would have risked at trial was very real. Because Stiger thus had little, if any, chance of improving his outcome at trial, but could easily have fared far worse, we are not persuaded that, had he been correctly advised about the parole consequences of his plea, there is a reasonable probability that he would have rejected the plea bargain and insisted upon a trial. It simply would not have been a "rational" choice under the circumstances.

*Stiger*, 381 S.W.3d at 237-38.

We now review Faulkner's allegation that the trial court erred in not holding an evidentiary hearing.

> A trial court must hold an evidentiary hearing on an RCr 11.42 motion "only when there is 'a material issue of fact that cannot be determined on the face of the record.'" [*Commonwealth v. Searight*, 423 S.W.3d 266, 228 (Ky. 2014),] (*quoting* RCr 11.42(5) (other citation omitted)). A court may "summarily" deny "motions asserting claims refuted or otherwise resolved by the record." *Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012). Also, no hearing is required if "the allegations, even if true, would not be sufficient to invalidate [the] convictions." *Searight*, 423 S.W.3d at 228 (internal quotation marks and citation omitted).

*Fowler v. Commonwealth*, 634 S.W.3d 605, 609 (Ky. App. 2021).

The record conclusively establishes that the plea was voluntary, intelligent, and knowing, which Faulkner acknowledged during the colloquy. He makes no allegation which requires the taking of evidence not before the court and therefore there was no need for an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Lincoln Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shawn Faulkner, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky

-8-