RENDERED: SEPTEMBER 22, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1361-MR

LUTHER ROBINSON 　　　　　　　　　　　　　　　　　　APPELLANT

v. 　　　　　APPEAL FROM MCCRACKEN CIRCUIT COURT
HONORABLE TIMOTHY KALTENBACH, JUDGE
ACTION NO. 21-CR-00329

COMMONWEALTH OF KENTUCKY 　　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Luther Robinson ("Robinson") appeals the McCracken

Circuit Court's order denying his motion to withdraw his guilty plea. After careful

review, we affirm.

## BACKGROUND

On March 19, 2021, officers arrested Robinson after a cooperating

witness called Robinson to setup a methamphetamine drug deal. The monitored

call led police to a Paducah gas station parking lot. In Robinson's car and on his person, police discovered methamphetamine, marijuana, and $9,945 in cash. Police also discovered meth on the floor of the police cruiser that transported Robinson to the jail after his arrest. According to body camera footage at the jail, police also found meth when Robinson removed his pants during booking.

On May 20, 2022, Robinson was indicted with (1) trafficking in a controlled substance, first degree, for greater than or equal to two grams of methamphetamine;[1] (2) trafficking in marijuana, eight ounces to less than five pounds, second or greater defense;[2] (3) tampering with physical evidence;[3] (4) first-degree promoting contraband;[4] (5) second-degree disorderly conduct;[5] (6) menacing;[6] (7) resisting arrest;[7] and (8) being a first-degree persistent felony offender ("PFO").[8]

---

[1] Kentucky Revised Statutes ("KRS") 218A.1412, a Class B felony.

[2] KRS 218A.1421(3)(b), a Class C felony.

[3] KRS 524.100, a Class D felony.

[4] KRS 520.050, a Class D felony.

[5] KRS 525.060, a Class B misdemeanor.

[6] KRS 508.050, a Class B misdemeanor.

[7] KRS 520.090, a Class A misdemeanor.

[8] KRS 532.080(3).

On July 24, 2022, two days before his scheduled trial, Robinson accepted the Commonwealth's plea offer. He subsequently entered a plea of guilty on July 25, 2022. The offer dismissed the tampering with physical evidence, first-degree promoting contraband, and first-degree PFO charges. In exchange for his guilty plea to the remaining charges, the Commonwealth recommended a total sentence of eleven years. The trial court conducted a *Boykin* hearing and found that Robinson entered a knowing and voluntary plea. *See Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (holding that due process requires that a trial court must make an affirmative showing on the record that a guilty plea is voluntary and intelligent before it may be accepted).

Shortly before sentencing, Robinson hired new counsel and filed a motion to withdraw his guilty plea. Robinson alleged that his guilty plea was not voluntary due to ineffective assistance of counsel. At the October 13, 2022, evidentiary hearing, both Robinson and his former counsel, Jeremy Ian Smith ("Smith"), testified about the plea deal and the representation. After the hearing, the trial court denied Robinson's motion to withdraw his guilty plea. On November 7, 2022, the court entered its final judgment and sentenced Robinson to eleven years' imprisonment, consistent with the plea agreement. This appeal followed.

# STANDARD OF REVIEW

Under RCr[9] 8.10, the trial court must decide on the record whether the defendant voluntarily pleaded guilty. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 287 (Ky. App. 2004) (citing *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001)). Once the defendant has pleaded guilty, he may move the court to withdraw the guilty plea any time before judgment. *Rigdon*, 144 S.W.3d at 288. If the court finds the plea involuntary, it must grant the motion. If the court finds, however, that the defendant voluntarily entered the plea, it is within the court's discretion to grant or deny the motion. *Id.*

"Whether to deny a motion to withdraw a guilty plea based on a claim of ineffective assistance of counsel first requires 'a factual inquiry into the circumstances surrounding the plea, primarily to ascertain whether it was voluntarily entered.'" *Rigdon*, 144 S.W.3d at 288 (emphasis and citation omitted). We review the trial court's determination of voluntariness under the clearly erroneous standard. *Id*. A decision supported by substantial evidence is not clearly erroneous. *Id*. If the trial court decides the plea was voluntary, we review the decision to grant or deny the motion to withdraw under the abuse of discretion standard. *Id*. A trial court abuses its discretion when the decision is "arbitrary, unreasonable, unfair, or unsupported by legal principles." *Id*.

---

[9] Kentucky Rules of Criminal Procedure.

## ANALYSIS

On appeal, Robinson argues that the trial court abused its discretion and that its decision to deny his motion to withdraw his guilty plea was not supported by substantial evidence. We disagree.

A guilty plea must be entered knowingly, intelligently, and voluntarily. *Russell v. Commonwealth*, 495 S.W.3d 680, 682 (Ky. 2016) (citing *Boykin*, 395 U.S. 238); *Bronk*, 58 S.W.3d at 486. A valid guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)). "A guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea . . . ." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006) (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L. Ed. 2d 747 (1970)). "The trial court is in the best position to determine the totality of the circumstances surrounding a guilty plea." *Rigdon*, 144 S.W.3d at 287-88. "Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made." *Bronk*, 58 S.W.3d at 487 (internal quotation marks and footnote omitted).

Here, the trial court denied the motion based on the plea colloquy and evidentiary hearing. Robinson acknowledged that he read and understood the plea, he had adequate time to discuss the Commonwealth's offer with counsel, and he was satisfied with counsel's representation. Robinson further acknowledged that he was not under any influence that would affect his plea, that he understood the charges brought against him, and that the plea was voluntary. Robinson answered each question clearly. Prior to this case, Robinson pleaded guilty to five other felony convictions. Though this frequency does not make Robinson an expert in the plea process, he is also not a stranger.

Despite this, Robinson claims he did not voluntarily or intelligently enter a guilty plea because Smith, his former attorney, did not provide effective assistance of counsel. When a defendant argues that his guilty plea was involuntary due to ineffective assistance of counsel, the trial court must consider the totality of circumstances around the plea, and "juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington* inquiry into the performance of counsel." *Rigdon*, 144 S.W.3d at 288 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The defendant must show:

> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the

-6-

> plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Rigdon*, 144 S.W.3d at 288 (quoting *Sparks v. Commonwealth*, 721 S.W.2d 726, 727-28 (Ky. App. 1986)).  Further,

> [h]indsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial[.] . . .  The added uncertain[t]y that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance.  Counsel, too, faced that uncertainty.  There is a most substantial burden on the claimant to show ineffective assistance.  The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

*Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (quoting *Premo v. Moore*, 562 U.S. 115, 132, 131 S. Ct. 733, 745-46, 178 L. Ed. 2d 649 (2011)).

First, Robinson claims that Smith did not sufficiently advise him of potential trial defenses.  Specifically, Robinson alleges that Smith did not (1) review the Commonwealth's evidence with him; (2) try a specific defense tactic Smith proposed to him; (3) discuss defenses for trial about the police's failure to activate their body cameras during the arrest; (4) file a motion to dismiss that Smith claimed he would file on July 1; or (5) discuss parole and expungement eligibility.

Smith refuted every allegation. Smith testified that he gave Robinson thumb drives of the Commonwealth's evidence and discussed the evidence with Robinson each time. The thumb drives included lab reports of the substances found on Robinson, which tested positive for methamphetamine. Smith testified that, since no one disputed the presence of meth, he would try to argue personal use. Based on the evidence presented, however, Smith determined that the personal use defense or any defenses regarding the police's body camera footage were not relevant. Thus, Smith recommended Robinson take a plea deal. Smith testified that he discussed parole eligibility with Robinson but did not discuss expungement eligibility due to Robinson's multiple prior offenses. No testimony or evidence on the record showed that Smith erred in deciding that Robinson's best alternative was a plea deal.

Second, Robinson claims that Smith's alleged failure to inform him of the plea deal caused Robinson to feel "pressured" to accept it. Video Record ("VR") at 10/13/22, 11:02:31-11:03:38. Allegedly, Smith did not notify Robinson of his plea deal until July 24, 2022 – two days before the scheduled trial. Smith instructed Robinson to decide by 3:00 p.m., or the Commonwealth would not honor the deal. Robinson claims he never discussed a plea deal with Smith until that Sunday, which left Robinson feeling as if he had "no choice" but to accept the plea offer. *Id.* at 11:03:38-11:03:40. To the contrary, Smith claims he discussed

-8-

the plea deal with Robinson "numerous, multiple" times before Robinson entered the plea. *Id.* at 11:13:15-11:14:33.

The record does not show when the Commonwealth offered the plea deal. However, a short deadline to accept does not make a plea involuntary. The Kentucky Supreme Court has opined that the urgency inherent in having "relatively little time in which to make a serious decision" does not equal coercion. *Thomas v. Commonwealth*, No. 2016-SC-000593-MR, 2017 WL 5023098, at *2 (Ky. Nov. 2, 2017).[10] Additionally,

> [w]ith or without time constraints, having to choose between the strong probability of a lesser sentence, at the price of waiving his constitutional right to appeal, and the possibility that a jury would set a much greater sentence, does not render the waiver compulsory and involuntary.

*Id.* (citing *Brady*, 397 U.S. at 749-50, 90 S. Ct. at 1496-70). Thus, that Robinson felt pressured to plead guilty to avoid a larger penalty does not make his plea involuntary.

Lastly, Robinson claims he accepted the deal without knowledge of certain allegedly withheld evidence. Robinson testified that he would have proceeded to trial if he had known about the withheld evidence. Nothing in the record or Robinson's argument specifies what evidence Robinson alleges was

---

[10] Though unpublished cases are not binding precedent, we cite *Thomas* as illustrative pursuant to the Kentucky Rules of Appellate Procedure ("RAP") 41(A).

withheld or who withheld it.  Without specific facts, this Court cannot determine that knowing about the purportedly withheld evidence would have made Robinson decide to go to trial rather than accept the plea deal.

Robinson has not met that substantial burden of proving ineffective assistance of counsel.  He did not show with particularity how Smith's performance was deficient, nor how any alleged deficiency would have altered the outcome.  After the evidentiary hearing, the trial court found Robinson's testimony not credible and that Smith's testimony was more credible.  This Court must "defer to the findings of fact and determinations of witness credibility made by the trial judge. . . .  [U]nless the trial court's findings of fact are clearly erroneous, "those findings must stand."[11]  *Commonwealth v. Bussell*, 226 S.W.3d 96, 99 (Ky. 2007), *as modified* (Aug. 30, 2007).  The trial court's findings are not clearly erroneous and are based on substantial evidence.  Because Robinson entered a voluntary, knowing, and intelligent plea, the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea.

---

[11] *See also Bronk*, 58 S.W.3d at 487 (internal quotation marks and footnote omitted) ("Because of the factual determinations inherent in this evaluation, Kentucky appellate courts have recognized that the trial court is . . . in a superior position to judge [witnesses'] credibility and the weight to be given their testimony at an evidentiary hearing.").

## CONCLUSION

Based on the foregoing, the October 21, 2022 order of the McCracken Circuit Court denying Robinson's motion to withdraw the guilty plea is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Richard L. Walter
Bradley A. Sears
Paducah, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Solicitor General
Frankfort, Kentucky